UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DEWAYNE WESTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 22-1366 |
| DEE BROOKHART, *et al.* | ) ) ) |
| Defendants. | ) |

**<u>MERIT REVIEW ORDER #2</u>**

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 8). The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 9). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that five correctional officers from Lawrence Correctional Center (John Doe Nos. 1-5) denied him access to a toilet or other means to relieve himself for approximately two hours and 40 minutes during a bus transport from Lawrence to Illinois River Correctional

Center ("Illinois River"), causing him to urinate on himself while on the bus. Plaintiff alleges that Defendant John Doe No. 6, an Illinois River correctional officer, made him wait 20 minutes to use the restroom while Plaintiff went through the intake process despite Plaintiff's statements that he had needed to urinate and the officer's observation that Plaintiff had urinated on himself.

The 20-minute delay Defendant John Doe No. 6 caused does not permit a plausible inference that Plaintiff suffered the type of deprivation necessary to trigger constitutional concerns, especially considering that Plaintiff does not allege that he suffered from a medical condition that required immediate access. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) (collecting cases); *Harris v. Jones*, 2021 WL 4950248, at *2 (7th Cir. 2021) (denial of access to a toilet for 40 minutes did not amount to a constitutional deprivation). Plaintiff cannot hold Defendant John Doe No. 6 liable for any delay he experienced prior to his arrival at Illinois River. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff's allegations do not permit a plausible inference that Defendant John Doe No. 6 knew that Plaintiff would experience greater humiliation if not provided immediate access to a toilet. The Court finds that Plaintiff does not state a constitutional claim against Defendant John Doe No. 6. Plaintiff does not make any allegations against Illinois River's warden in his amended complaint, and, therefore, this defendant will be dismissed.

The remaining claims involve correctional officers employed at Lawrence Correctional Center, and the events leading to the two-hour-plus deprivation Plaintiff alleges originated at that facility. Lawrence sits in the Southern District of Illinois, and the remaining defendants presumably reside in that district. Because no further claims or defendants connected to the

Central District of Illinois remain, the Court will transfer the remainder of Plaintiff's claims to the Southern District. The Court renders no opinion as to whether Plaintiff's remaining claims are sufficient to pass screening under § 1915A.

**IT IS THEREFORE ORDERED:**

      **1.**     **Plaintiff's Motion for Leave to File an Amended Complaint [9] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

      **2.**     **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that Plaintiff fails to state a constitutional claim against Defendants John Doe No. 6 and Tiffanie Clark. Clerk is directed to terminate these defendants.**

      **3.**     **This case and Plaintiff's remaining claims are hereby transferred to the Southern District of Illinois pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a) for any actions the transferee court deems necessary.**

Entered this 21st day of March, 2023.

                                        *s/Sara Darrow*
                                        SARA DARROW
                             CHIEF U.S. DISTRICT JUDGE